UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO. Case No. 07-60181-CIV-COHN/Snow

RANDALL A. BONO, Trustee
U/A dated May 8, 1995,

       Plaintiff(s),

vs.

AMERICAN EAGLE FLEET LEASING, INC.,
a Florida Corporation; AMERICAN FLEET
LEASING INC., a Florida Corporation; COIN
CASTLE CASINO LINES, INC., a Florida
Corporation; ALBERT LAGANO, individually,
and GARY SMITH, a/k/a THOMAS O'DONNELL,
individually,

       Defendant(s).
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant, GARY SMITH, individually, by and through his undersigned attorneys, and for his Answer and Affirmative Defenses to the Complaint filed herein says as follows:

1. The Defendant GARY SMITH admits the allegations contained in paragraphs 1 and 2 of the Complaint herein.

2. The Defendant GARY SMITH is without knowledge of the allegations of paragraphs 3, 4, 5, and 6.

3. The Defendant GARY SMITH denies the allegations contained in paragraph 6 insofar as he is listed as GARY SMITH a/k/a THOMAS O'DONNELL, and specifically denies that he is or ever has been known as Thomas O'Donnell.

4. The Defendant SMITH further denies that he did individually guarantee the performance of the terms and conditions of the aforementioned Charter Party as set forth in Exhibit D to the Complaint.

5. Defendant SMITH admits the allegations contained in paragraph 7.

6. The Defendant GARY SMITH denies the allegations contained in paragraph 8, and in particular again reiterates that GARY SMITH is also known as THOMAS O'DONNELL. Defendant GARY SMITH does further deny any and all allegations contained in paragraph 8.

7. The allegations contained in paragraph 9 are admitted insofar as the Charter Party speaks for itself inasmuch the Charter Party contains said provisions but denies all other allegations contained in this paragraph.

8. Defendant GARY SMITH denies the allegations contained in paragraphs 10, and in particular denies that he is known as THOMAS O'DONNELL, and further denies that he did give individual guarantees as set forth in exhibits "C" and "D."

9. This Defendant is without knowledge as to the allegations contained in paragraph 11 and therefore denies the same.

10. This Defendant is without knowledge as to the allegations contained in paragraph 12 and therefore denies the same.

Case No. 07-60181-CIV-COHN/Snow
Page 3

11. This Defendant is without knowledge as to the allegations contained in paragraph 13 and therefore denies the same.

12. This Defendant is without knowledge as to the allegations contained in paragraph 14 and therefore denies the same.

13. This Defendant is without knowledge as to the allegations contained in paragraph 15 and therefore denies the same.

14. This Defendant is without knowledge as to the allegations contained in paragraph 16 and therefore denies the same.

15. This Defendant is without knowledge as to the allegations contained in paragraph 17 and therefore denies the same.

16. This Defendant is without knowledge as to the allegations contained in paragraph 18 and therefore denies the same.

17. This Defendant is without knowledge as to the allegations contained in paragraph 19 and in particular, denies that he was known as THOMAS O'DONNELL and further denies that he executed the Guarantees as in set forth in Exhibits "B1" and "D" as set forth in this paragraph.

18. This Defendant is without knowledge as to the allegations contained in paragraph 20 and therefore denies the same.

19. This Defendant is without knowledge as to the allegations contained in paragraph 21 and therefore denies the same.

## AFFIRMATIVE DEFENSES

Defendant, GARY SMITH, further answering the Complaint of Plaintiff and by way of affirmative defenses, would further show and prove to the Court the following:

20. Defendant GARY SMITH does specifically deny that he ever executed the Individual Guarantees as set forth in the Complaint and would further that the alleged signature to the Individual Guarantee, Exhibit "D," was not signed by him and appears to be a forgery.

21. As a Second and further affirmative defense, the Defendant GARY SMITH specifically denies that he is also known as THOMAS O'DONNELL, nor has he authorized anyone to sign any documents such as those attached to the Complaint in that or any other capacity.

WHEREFORE, having fully answered the Complaint herein, it is respectfully requested that said Complaint be dismissed as to the Defendant GARY SMITH, and costs and attorney's fees be awarded to him, and such other relief as this Court may deem just and proper.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was served via transmission of Notice of Electronic Filing generated by CM/ECF this 1st day of June, 2007, to: John Cavo, Esquire and George Mitchell, Esquire, Attorneys for Plaintiff, Lane, Reese, Aulick, Summers & Field, P.A., 2600 Douglas Road, Suite 304, Coral Gables, FL 33134.

Case No. 07-60181-CIV-COHN/Snow
Page 5

Respectfully submitted,

KARCHER CANNING & KARCHER
Attorneys for Defendant Gary Smith
1500 San Remo Avenue, Suite 235
Coral Gables, Florida 33146
Telephone: (305) 661-2888
Facsimile: (305) 661-5888


By:  /s/ Michael R. Karcher
      MICHAEL R. KARCHER
      Fla. Bar No.  516287
      DAVID P. KARCHER
      Fla. Bar No.: 41427