UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60181-CIV-COHN/SNOW

RANDALL A. BONO, Trustee,

        Plaintiff,

vs.

AMERICAN EAGLE FLEET LEASING, INC., et. al,

        Defendants.

_____/

## ORDER GRANTING GARY SMITH'S MOTION FOR SUMMARY JUDGMENT
## ORDER TO PLAINTIFF TO FILE STATUS REPORT

_____THIS CAUSE is before the Court upon Defendant Gary Smith's Motion for

Summary Judgment [DE 17].  The Court has carefully considered the motion and notes

the lack of response to the motion.  A response was due on July 23, 2007, but none

was filed.[1]

        Plaintiff Randall Bono filed this action in this Court on February 12, 2007.  On

June 1, 2007, Defendant Gary Smith filed an Answer to the Complaint, asserting that

he was not a party to the agreements in question.  On July 6, 2007, thirty (30) days

after the scheduling conference held in this case by United States Magistrate Judge

Lurana Snow, Defendant Smith filed the present motion, explaining how he was not a

party to the agreements.   As noted above, Plaintiff failed to respond.

        Upon a review of Defendant's Smith's motion, the Court takes the unopposed

_____

        [1]  The Court notes that this is the second time Plaintiff has failed to respond to a
dispositive motion by a defendant in this case.  See Docket Entry 5.  At that time, the
Court entered an order to show cause to which the Plaintiff finally responded.  As
Plaintiff has not filed anything in this case since that April 18, 2007 filing, the Court is
no longer going to give second chances in responding to meritorious motions.

facts presented in the motion and memorandum as true for purposes of this motion.

Plaintiff has failed to put forth any evidence to create a genuine issue of material fact.

After the movant has met its burden under Fed. R. Civ. P. 56(c), the burden of

production shifts and the nonmoving party "must do more than simply show that there is

some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co.

v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of

Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or

denials of the adverse party's pleadings," but instead must come forward with "specific

facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); Matsushita,

475 U.S. at 587.  As Plaintiff has failed to do so in this case, the Court must grant

Defendant Smith's motion.[2]

     Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     Defendant Gary Smith's Motion for Summary Judgment [DE 17] is hereby

     **GRANTED**;

2.     The Court shall separately enter a summary default judgment in favor of

     Defendant Smith;

3.     Plaintiff shall file a status report by August 20, 2007, as to the status of the case

     with regard to the remaining defendants, none of which have actually filed an

---

[2]  Although the present motion can be considered an "early" motion for summary judgment, as of today's date, Plaintiff has had 60 days to conduct discovery, and could have moved to delay consideration of the motion until after further discovery has been conducted.  Fed. R. Civ. P. 56(f).

Answer in this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 7th of August, 2007.

JAMES I. COHN
United States District Judge

copies to:

George Mitchell, Esq./John Cavo, Esq.
Michael Karcher, Esq.
Albert Lagano (pro se defendant, via mail)