UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60181-CIV-COHN/SNOW

RANDALL A. BONO, Trustee,

    Plaintiff,

vs.

AMERICAN EAGLE FLEET LEASING, INC., et. al,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE DEFAULT SUMMARY JUDGMENT**

THIS CAUSE is before the Court upon Plaintiff's Motion to Vacate Final Default Summary Judgment [DE 27], Plaintiff's Memorandum in Opposition to Defendant Gary Smith's Motion for Summary Judgment and Motion for Continuance [DE 28], and Gary Smith's responses to both filings. The Court has carefully considered these filings, and is otherwise fully advised in the premises of this case.

I. BACKGROUND

Plaintiff Randall Bono filed this action in this Court on February 12, 2007 against various defendants. On June 1, 2007, Defendant Gary Smith filed an Answer to the Complaint, asserting that he was not a party to the agreements which Plaintiff was seeking to enforce. On July 6, 2007, thirty (30) days after the scheduling conference held in this case by United States Magistrate Judge Lurana Snow, Defendant Smith filed his motion for summary judgment, explaining how he was not a party to the agreements. Plaintiff failed to respond. Upon a review of Defendant's Smith's motion, the Court took the unopposed facts presented in the motion and memorandum as true for purposes of the motion. Noting in a footnote that "this is the second time Plaintiff

has failed to respond to a dispositive motion by a defendant in this case," the Court granted Defendant Smith's motion on August 7, 2007 [DE 23] without first entering an order to show cause to Plaintiff, and entered a default summary judgment in favor of Smith [DE 24].

Plaintiff filed the present motion to vacate on August 17, 2007, asserting that counsel did not become aware of Smith's motion and the Court's Order until August 15, 2007. Plaintiff described its office procedures as having all electronic filings, from opposing counsel and the Court, to one central email accessible only by the office manager. Plaintiff describes various staff changes in July that it claims for the basis of excusable neglect.

## II. DISCUSSION

Plaintiff argues excusable neglect for his attorney's office's failure to notice the Notice of Electronic Filing of the motion and order granting the motion. The standard for considering a claim of excusable neglect includes the following factors: "the danger of prejudice to the nonmovant, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Advanced Estimating Sys. v. Riney, 130 F.3d 996, 997-98 (11th Cir. 1997) (quoting Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) (defining excusable neglect in the context of bankruptcy)).

In this case, it is clear that the reason for the delay was solely within the reasonable control of the movant. As electronic filing has been mandatory in this

District since October 2006, the Court has rarely, if ever seen a law firm have CM/ECF Notices sent only to an office manager. Nearly all attorneys are personally notified via their own email. In addition, many attorneys also list their assistants and/or a central law firm email address. The CM/ECF system allows for secondary email addresses for each attorney. Thus, the explanation of office manager turnover is simply insufficient, as such a situation was clearly avoidable by Plaintiff's counsel. Although the length of the delay was brief, and the prejudice to defendant simply the normal prejudice of having to continue to litigate, the fact that this failure to respond was not the first time for Plaintiff's counsel in this case raises questions about the good faith of the present motion.

Defendant argues that Plaintiff has failed to put forth evidence of a meritorious defense. When a default is sought to be vacated by a defendant, the movant can claim excusable neglect by showing "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason exited for failing to reply to the complaint." <u>Florida Physician's Insurance Company, Inc. v. Ehlers</u>, 8 F.3d 780, 783 (11th Cir. 1993); <u>In re Worldwide Web Systems, Inc.</u>, 328 F.3d 1291, 1295 (11th Cir. 2003); <u>Solaroll Shade and Shutter Corp. Inc. v. Bio-Energy Systems, Inc.</u>, 803 F.2d 1130, 1132 (11th Cir. 1986). The Court agrees with Defendant Smith that Plaintiff must meet the "meritorious defense" standard with regard to Defendant's Motion for Summary Judgment.

Defendant's Motion rested upon Smith's affidavit that the signature on the guarantee was not his own signature and he was not a party to that agreement. In his

memorandum opposing the Defendant's Motion, filed shortly after the Plaintiff's motion to vacate, Plaintiff asserts that co-defendant Alfred Lagano has implicated Smith in the agreement, and that further discovery will flesh out this allegation.   Although Defendant Smith's motion was filed "early" in this case, it was filed 30 days after the scheduling conference.  Defendant Smith asserts that Plaintiff has still failed to oppose the motion with any affidavits, whether from Lagano or anyone else, that refute Defendant Smith's affidavit that the signature was not his signature.[1]  As the Court stated in its prior Order:

> According to the plain language of  Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); <u>Matsushita v. Electronic Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986).

Upon a review of the motions and responses thereto, the Court concludes that Plaintiff has not shown excusable neglect, nor a meritorious defense.  Therefore, the Motion to Vacate Final Default Summary Judgment is denied.

---

[1] Plaintiff does attach in support of his opposition to summary judgment a copy of an email from Albert Lagano to Plaintiff's counsel, in which he merely states that "He [Smith] had more to with this than I did."  Exhibit 1 to Affidavit of John Cavo, Esq. (Plaintiff's counsel) [DE 28].  The Court notes that this email also clearly differentiates between Mr. Smith and one Thomas O'Donnell, who Plaintiff had alleged in the complaint were the same person.  The email does not address Smith's signature and is not in the form of an affidavit or declaration.

## III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Vacate Final Default Summary Judgment [DE 27] is hereby **DENIED**;

2. Plaintiff's Motion for Continuance [DE 28] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of November, 2007.

*[signature]*
JAMES I. COHN
United States District Judge

copies to:

George Mitchell, Esq./John Cavo, Esq.
Michael Karcher, Esq.
Albert Lagano (pro se defendant, via mail)